The last case for the afternoon will be 520-0023-WC, City of West Frankfort, Appellant v. The Workers' Compensation Commission, Donald Ford-Appelee. Mr. Sheehan, you may proceed. Thank you, Your Honor. Good afternoon, Your Honors, and may it please the Court, Council. My name is A.J. Sheehan, and I represent the City of West Frankfort, the Employer Appellant, in this matter. Mr. Sheehan, before you start your argument on the merits, you might want to tell us, do we have jurisdiction on this case? Yes, Your Honor, you do. This was a 19B hearing, and based on my limited knowledge, the remand appears consistent with Thomas v. the Commission. The Court also addressed all issues that were in dispute, so I do believe that this Court does have jurisdiction, Your Honor. Unless I'm missing something, the Court denied the plaintiff benefits, is that correct, or the Commission initially? That is correct, Your Honor. It was reversed by the Circuit Court. It was remanded with directions to find that he sustained an injury out of in the course of his employment and to address the issues of TTD, medical expenses, prospective medical care. Are those contested issues? The TTD was not a contested issue, Your Honor. That was agreed. What about prospective medical care and medical expenses? I believe that was a contested issue, yes, Your Honor. Well, if it was remanded for a contested issue, the order's interlocutory, and there's no jurisdiction here. Your Honor, I believe that it was a final judgment based on the fact that they did address all of the issues that were in dispute. Wait a minute. The Commission never addressed prospective medical expenses or TTD. They never addressed it. Sure, Your Honor. I mean, they essentially, well, they didn't. Essentially, they affirmed the arbitrator's decision that did address those issues. What did the arbitrator's decision do? The arbitrator's decision denied benefits based on medical causation, which therefore then denied benefits on medical issues. They didn't prove that his current lumbar spine condition is causally related to a September 10th work accident. Isn't that what the arbitrator found and denied benefits? In a nutshell, yes, Your Honor, and they also found that- he didn't remand it for him to decide the undecided issues, medical expenses, prospective medical, and TTD. Well, the arbitrator's finding did note that Responda has paid all the reasonable and necessary charges and that they are not entitled to prospective medical. Well, not entitled to prospective medical because there's no causation. See, did the circuit court open up this to have decision on the other issues that apparently are foreclosed by the arbitrator's decision and the commission's decision, original decision? I believe so. The circuit court's judgment- I had that in front of me. The circuit court's judgment, as far as I'm aware, did remand it, but they addressed certain issues that were not in dispute, such as TTD benefits. Well, you keep dancing around the issue, and the issue is it was remanded. Yes, the circuit court found that the commission's decision was against the manifest weight of the evidence, but it was remanded also to award medical expenses and prospective medical care. How could we rule on something that was never resolved? Well, your honor, I do believe that that was resolved, again, at the arbitration level that was affirmed by the commission. It was decided at the arbitration level because there was no causal connection. The law in this state is very, very clear. When the circuit court reverses the decision of the commission and remands the matter back to the commission for further proceedings involving disputed questions of law or fact, the order is interlocutory and not appealable. That's the Supreme Court's version. Your honor, I understand that. It's based on the circuit court's order, though, however, I do believe that jurisdiction is appropriate here because that was a final judgment based on the commission decision, like I said. Yeah, a final judgment leaving open all of these questions. You have to concentrate on what was specifically ruled at, money issues that were never specifically ruled at. Sure, and I understand that. I, again, would agree with the position or maintain it that the arbitrator in his award, the commission affirmed, did specifically state that the respondent has paid all necessary charges for services in this case. What about prospective medical? The prospective medical, he did not, I don't believe he specifically stated that in his order. It's basically, it states that causation was denied and that the respondent paid all reasonable and necessary charges for all reasonable and necessary medical services. So, it's my understanding and my read from that, that that means both future medical expenses as well as past. He paid the future in advance? No, your honor. He was stating that because of the lack of causation that he's not entitled to future medical. Now the commission's got to decide whether he's entitled to future medical because they've been ordered to find causation. And I think that they did decide that when they affirmed the arbitrator's decision, your honor. What's it sent back for Mr. Sheehan in your understanding by the circuit court? It's my understanding that the circuit court remanded it back to the commission to find the issue of medical causation. Well, okay. We're talking about a current lumbar spine condition, right? That is correct, your honor. Uh-huh. And the arbitrator and the commission said that he failed to prove that his current condition of ill-being was related, right? That is correct. That is what the, yes. And the circuit court sends it back to do what in regard to that current condition of ill-being? The circuit court sent it back to the commission to, I guess, on that decision to determine whether medical benefits were appropriate in the case. Then they're open, aren't they? Well, your honor, again, that was the what the circuit court did, and they would have been in an air of doing that, I believe. Well, that might be argued in a proper appeal, given proper jurisdiction. But at this point, the issue is whether that's right or wrong is for another day. Sure. The commission has to make some findings of facts and some determinations. Then you can't say they already did or that the arbitrator did it for him or whatever. Mr. Sheehan, I'm going to read you the last paragraph of the circuit court's order. The matter is remanded to the Illinois Workers' Compensation Commission with instructions to enter an order finding that the plaintiff's employee's lumbar spine condition is causally related to a September 10, 2016, and awarding medical bills as provided in Section 8A and 8.2 of the Act and prospective medical care, if any, consistent with Dr. Gornit's recommendation. Yeah, Your Honor, and they obviously based that order, remanding it back on the Manifest Wage Standard, which is why we're here today to argue about the fact that the commission's decision was not against. Counsel, if we don't have jurisdiction, we can't rule on anything other than we don't have jurisdiction. Sure. I understand that, Your Honor. Let me ask it another way. What is the specific amount of the expenses and the prospective medical care that you're appealing from, that you want us to address? What's the amount? Your Honor, I can do this. It hasn't been set. Doesn't that point out to you why we don't have jurisdiction? Was it set by anybody yet? I understand that. No, it was not set. It would have been... It's the ballgame right there. Well, it would have been set in the exhibits and then, again, in the arbitrator's order where it says that the respondent has... The arbitrator... Forget the arbitrator. Forget the commission. If they find the current condition is compensable, okay, then there clearly is going to be some medical awarded for that current condition. Sure. And we don't know what that is. You can't tell us what that is. Correct. And that's based off the commission's decision where it affirms and adopts the arbitrator's decision specifically on medical expenses, causal connection, prospective medical care. Did the arbitrator find his current condition of ill-being was compensable? No, Your Honor. Well, then there's nothing the arbitrator did that addresses what the claimant is eligible for if his current condition is compensable in terms of treatment. We respect and appreciate you're an advocate, Mr. Sheehan, but can you see these problems at all? Yes, Your Honor, I can, Your Honors. I can certainly understand what you're going or what you're explaining to me, yes. But again, I understand that you by now probably understand my position that the court's decision was final. Can I ask you a question? Sure, Your Honor. Based on the court's decision, is his order subject to execution? I'm sorry? Execute on it? Did it dispose of the case on the merits? The circuit court's decision?  The circuit court ordered that it get remanded to the commission. No, it didn't dispose of the case on the merits. I think that it was a final judgment because the commission was the final on the merits. You're appealing from the circuit court's decision. Although we review the commission's decision, you appeal from the circuit court's decision. Sure. The circuit court's decision has to be a final order. So let's assume there's no appeal taken, Mr. Sheehan, okay? Yes, Your Honor. Okay, you don't take an appeal. You got that statement from the circuit court. Ms. Rich goes and demands your client pay these medical expenses, et cetera, et cetera. What are you going to say? And she's going to come up with a figure. What are you going to do? Your Honor, obviously, I would stand by the commission's decision that denied the benefits. Is that what you're asking? I apologize. No, never mind. I'm just not sure that we're all on the same page here. Sorry. I would comment, Mr. Sheehan, that your opponent suffers from the same difficulty because your opponent thinks this is appealable under 301 and 303. You never even cited a Supreme Court rule to support our jurisdiction. Yeah, and I would agree that it is appealable under 303. She mentioned 301 as well. But based on what I previously stated, I believe the jurisdiction is proper. I mean, if you'd like, I can continue with some of the other issues now that we've touched base with that. So in short, based on setting aside the jurisdictional argument, I think that the wrong in finding that it was against the manifest weight of evidence that the commission found no causal connection. This is based on three main factors. The first one is that the petitioner had a well-documented medical history of lumbar complaints and radicular symptoms before the work injury. His lumbar symptoms were also identical, essentially, before and after the work injury, which shows no change in condition. And then Dr. Gornet's opinion is also flawed based on the fact that he was under the complaints of lumbar condition or of lumbar and radicular symptoms. So in short, I put it in my brief. The petitioner has an extensive history of pre-existing medical from 2006 all the way until essentially basically the date of injury one day before that. One day before that, he goes to the chiropractor and says, I have back issues. And he continued to complain of radicular symptoms leading up to that. So Dr. Gornet's opinion, in addition to that, is simply flawed. He seems to ignore the fact that the petitioner didn't have any prior medical history. And that is obviously not the case based on the extensive medical records in the document. So for his causation opinion to be credible, the fact would have to remain that the medical evidence did not show any prior medical, which is not the case in this. Finally, you'll notice that the petitioner complains of radicular symptoms as well as low back pain before the work injury for many years before that. And then after the work injury, he complains of the same thing, low back pain, radicular symptoms down the right leg. So that's why the commission's decision was supported by the substantial evidence of the record. Hey, your time is up, Mr. Sheehan. You may have time in reply. Ms. Rich, do you wish to respond? Good afternoon. May it please the court. Good to see all of you, Mr. Sheehan. Your honors, in light of your questioning today, I think you have kind of made it clear what your position is on whether this is a final appealable order. I read over the order again myself just now. I think that the law says that essentially only in cases where the commission on remand has been ordered to act in accordance with the direction of the circuit court and conduct proceedings on uncontroverted incidental matters or merely make a mathematical calculation, the circuit court's order is considered a final order for purposes of appeal. And that's the Edmonds versus Workers' Compensation Commission case from back in 2012. So in reviewing the order, I think that it probably does fall short in terms of the specificity and the mathematical calculations that are required under the law to make this a final and appealable order. So I think your questions are well-founded. I can respond to the rest of the arguments in terms of causation if you'd like. There's no reason to waste your time, your client's time, or our time, was it? Unless my panel members have a different view of it. I concur with your assessment, Presiding Justice. Then I would go ahead and cede the rest of my time, your honors, if you would like for us to not waste your time in addressing that. Okay, thank you, Ms. Rich. Mr. Sheehan? I would just briefly point out again that I do believe that this court does have jurisdiction based on the specificity and the mathematical equations, although they are not extremely specific in the award, and not even mentioned in the circuit court. The commission decision, again, did specifically note that all medical has been paid, and that would include past and future. Although, as we've discussed, the future medical aspect of this cannot be set with specificity. I do admit that, obviously. You're making a good argument for lack of jurisdiction. I admire your tenacity, Mr. Sheehan. Thank you, your honor. Okay, thank you, counsel. This matter will be taken under advisement, and a written disposition will be issued. Thank you both for participating in Zoom this afternoon.